IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-563-D
No. 5:11-CV-570-D

| | |
|---|---|
| HILDA PARKER, and )<br>PARKER PRODUCTS, INC., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>KELLOGG BROWN & ROOT, LLC, )<br>and KELLOGG BROWN & ROOT )<br>SERVICES, INC., )<br>)<br>Defendants. ) | **ORDER** |

On August 10, 2010, plaintiffs filed a motion to dismiss [D.E. 38]. On August 18, 2010, plaintiffs and defendants filed a stipulation of dismissal without prejudice [D.E. 39] and the clerk closed the case. On August 12, 2011, plaintiffs Hilda Parker and Parker Products, Inc., filed a motion for a 60-day extension of time to secure a new attorney and to file a complaint [D.E. 41]. On August 16, 2011, the court granted plaintiffs' motion to extend time to file a complaint until October 18, 2011, and stated that no further extensions of time to file a complaint would be granted [D.E. 42]. On August 16, 2011, plaintiffs' former counsel of record filed a notice of withdrawal [D.E. 43]. On August 25, 2011, defendants filed a motion for reconsideration concerning this court's order of August 16, 2011, and argued that the court lacked subject-matter jurisdiction over the action filed in 2009 [D.E. 44]. Plaintiffs did not respond to the motion for reconsideration.

On October 18, 2011, instead of complying with this court's order, pro se plaintiff Hilda Parker initiated a new civil action on behalf of herself and her company Parker Products, Inc., by filing a motion to proceed in forma pauperis. See 5:11-CV-570-D [D.E. 1]. In this new action, Hilda Parker purports to represent herself and her company. On October 19, 2011, plaintiffs filed

a proposed pro se complaint in the new civil action. Id. [D.E. 2]. The new civil action was randomly assigned to Senior United States District Judge Fox. On November 3, 2011, the new civil action was reassigned to the undersigned. Id. [D.E. 5]. The court has reviewed both cases. Both complaints pertain to conduct that arose in 2005, 2006, and 2007, name the same plaintiffs, name the same defendants, and essentially contain the same claims.

Parker has not retained counsel for Parker Products, Inc., in the 2011 case. "[T]he parties may plead and conduct their own cases personally or by counsel . . . ." 28 U.S.C. § 1654. The right to conduct a case personally, however, does not extend to corporations, partnerships, or associations in federal court. "[A] corporation may appear in the federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993); see RZS Holdings AVV v. PDVSA Petroleo S.A., 506 F.3d 350, 354 n.3 (4th Cir. 2007). Parker has had ample time to retain counsel for Parker Products, Inc., and has failed to do. Thus, the court declines to permit Hilda Parker to represent Parker Products, Inc., in the 2011 case, and Parker Products, Inc., is dismissed as a plaintiff.

As for defendants' motion for reconsideration [D.E. 44], the motion is GRANTED in part and DENIED in part. Specifically, the 2009 case is DISMISSED. Moreover, plaintiff Hilda Parker is ORDERED to show cause by January 2, 2012, why this court should not dismiss the 2011 action as time-barred and as claim precluded. Defendants may respond in accordance with the local rules. If plaintiff Hilda Parker fails to comply with this order, the court will dismiss the 2011 action with prejudice.

SO ORDERED. This 16 day of December 2011.

JAMES C. DEVER III
Chief United States District Judge